**J. Ashlee Albies,** OSB No. 051846
Email: ashlee@albiesstark.com
**Maya Rinta**, OSB No. 195058
Email: maya@albiesstark.com
Albies & Stark LLC
1500 SW First Ave. Suite 1000
Portland, Oregon 97201
Telephone: (503) 308-4770

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JEREMIAH COOK**, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>**TEQUILA THURMAN** in her individual capacity, **CARRIE HUTCHINSON** in her individual capacity, and **RYAN LUFKIN** in his individual capacity;<br><br>    Defendants. | Case No. 3:24-cv-01481-AB<br><br>**FIRST AMENDED COMPLAINT**<br><br>Violations of Civil Rights: 42 U.S.C § 1983<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.

Plaintiff Jeremiah Cook served 366 days in prison and two years of post-prison supervision based on a lie. Portland Police Officers Carrie Hutchison and Tequila Thurman conspired to manufacture evidence that Cook sold heroin leading to the overdose death of C.C. In fact, both Thurman and Hutchison, as well as Deputy District Attorney Ryan Lufkin, knew that C.C. was alive, but they lied and claimed that he was dead. Deputy District Attorney John Copic repeated their lies to Cook's lawyer with embellishment as part of a successful campaign to convince

PAGE - 1   FIRST AMENDED COMPLAINT

Cook to accept a significant prison sentence which included threatening Cook with federal prosecution. The prison sentence Cook accepted—366 days—was based entirely on the Defendants' lies. Were it not for Defendants' lies, Cook would not have received a prison sentence at all. He files this lawsuit to obtain compensation for the 366 days he spent in prison believing he had killed a man all based on the Defendants' lies.

## PARTIES

2.

Plaintiff Jeremiah Cook is and at all material times hereto was a resident of Multnomah County, Oregon.

3.

Defendant Tequila Thurman was, at all material times, a police officer with the Portland Police Bureau, employed by the City of Portland. She is sued in her individual capacity.

4.

Defendant Carrie Hutchinson was, at all material times, a police officer with the Portland Police Bureau, employed by the City of Portland. She is sued in her individual capacity.

5.

Defendant Ryan Lufkin was, at all material times, a deputy district attorney employed by the Multnomah County District Attorney's Office. As a deputy district attorney, Lufkin was an employee of Multnomah County and an agent of the State of Oregon.  He is sued in his individual capacity.

## FACTUAL ALLEGATIONS

6.

In the early morning hours of May 23, 2015, C.C. and two to four of his friends used some heroin together. C.C. obtained the heroin from his roommate, D.R.

PAGE - 2   FIRST AMENDED COMPLAINT

7.

C.C. was already noticeably intoxicated from alcohol at the time he ingested the heroin.

8.

C.C. has sleep apnea, and around 3 am, over an hour after using the heroin, C.C. was alive and snoring loudly.

9.

Around 6:30 AM, approximately five hours after using the heroin, one of C.C.'s friends noticed C.C. had blood coming out of his nose and could not wake him. That friend called 911.

10.

Portland Police Officers Matthew Brown and Lloyd were the first to respond to C.C.'s apartment and performed CPR on C.C. until paramedics arrived and took over.

11.

Paramedics were able to get a pulse and transported C.C. to the hospital for further treatment.

12.

The Portland Police Bureau's Drugs and Vice Division assigned Officers, Defendant Hutchison and Defendant Thurman, to investigate.

13.

Defendants Thurman and Hutchison focused their investigation on "moving up the supply chain"—attempting to determine who D.R. purchased the heroin from, and who they purchased it from, and so on.

14.

Late in the morning of May 23, 2015, Defendant Thurman spoke with C.C.'s girlfriend, C.S., who was at the hospital with C.C.

15.

C.S. told Defendant Thurman that C.C. was alive.

PAGE - 3   FIRST AMENDED COMPLAINT

16.

On May 26, 2015, Defendant Thurman authored a report about her conversation with C.S., but did not include the fact that C.C. had survived the suspected overdose.

17.

On May 27, 2015, Defendant Hutchison authored a police report in which she wrote that Thurman interviewed the "two individuals that were with [C.C.] the night before his death."

18.

At the time Defendant Hutchison wrote that report, she knew that C.C. was alive.

19.

On or about June 5, 2015, Portland Police detained or arrested Cook for his role in C.C.'s overdose, and questioned him about his involvement with C.C.

20.

Defendants Thurman and Hutchison told Cook that he needed to cooperate in their investigation because he supplied heroin that led to the overdose death of C.C.  In response, Cook gave consent to search his phone, and fully cooperated in Defendants' investigation by calling his supplier and providing additional information.

21.

Throughout the month of June 2015, Deputy DA Ryan Lufkin investigated and presented the cases against Cook and the other individuals in the chain of supply to grand juries in Multnomah County.

22.

As part of his investigation into and presentation of the cases, DA Lufkin issued a subpoena to the hospital where C.C. was treated.

/ / /

/ / /

PAGE - 4   FIRST AMENDED COMPLAINT

23.

DA Lufkin received and reviewed those hospital records as part of his investigation at some point prior to Cook's arraignment on or about March 4, 2016.

24.

Based on reviewing those records, DA Lufkin knew that C.C. had survived the suspected overdose.

25.

Despite knowing that C.C. was alive, DA Lufkin communicated to every DA who would handle these cases that C.C. was dead by repeatedly indicating in the notes to the prosecutor's files that this was an "OVERDOSE DEATH" case.

26.

Prior to his arrest, Cook had no prior criminal convictions.

27.

On March 4, 2016, Cook was arraigned in Multnomah County Circuit Court.

28.

The Deputy DA at arraignment argued for Cook to be held with enhanced bail based on Thurman's, Hutchison's, and Lufkin's lie that Cook supplied heroin that led to the death of C.C.

29.

Deputy DA John Copic was assigned as the prosecutor for Cook's case. DDA Copic repeatedly told Cook's lawyer that if Cook did not plead guilty and accept a long prison sentence, Copic would use his federal cross-deputization to prosecute Cook in federal court for the death of C.C.

30.

In federal court, anyone in the chain of distribution of controlled substances where the controlled substances lead to the death of another person faces a mandatory minimum 20 years in federal prison and a maximum of life.

PAGE - 5    FIRST AMENDED COMPLAINT

31.

DDA Copic eventually made a plea offer of 1 year and a day, writing on April 25, 2016, DDA

Copic told Cook's defense counsel saying: "you[r] client is in an OD chain. I really don't have a

lot of sympathy. The dead guy would love to do 13 months. I don't think his parents would mind

either. I really don't have anything to add."

32.

The next day, DDA Copic issued a notice of an intent to seek an upward departure for Cook,

citing specifically the OAR criteria that the "Harm or loss was greater than usual" because

"Defendants [sic] conduct resulted in the death of another human being."

33.

Cook accepted the plea offer, believing Copic's threat was genuine.

34.

Cook had been requesting treatment in lieu of a prison sentence; but for the alleged death of

C.C., the DA's office would have offered to send Cook to drug court, where he would have been

eligible for treatment programs.

35.

Cook was imprisoned from March 4, 2016 to the end of September of 2016. Cook then

completed two years of post-prison supervision.

36.

In 2022, Cook learned from the Multnomah County District Attorney's Office that C.C. was alive.

37.

On or around September 6, 2022, Cook and the Multnomah County Deputy District Attorney's

jointly petitioned the court to vacate and dismiss Cook's conviction because it was obtained

based on the false statement that C.C. had died.

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

38.

On or around September 7, 2022, the court granted that motion vacating and dismissing the case.

39.

Cook was harmed by Defendants' acts and omissions.

### FIRST CLAIM FOR RELIEF
### (Malicious Prosecution – 42 U.S.C. § 1983)
### (Violation of Fourth, Fifth, Eighth, and Fourteenth Amendments)
### (Against All Defendants)

40.

Plaintiff realleges and incorporates by reference the above paragraphs.

41.

Defendants were acting under color of state law.

42.

Defendants concealed exculpatory evidence or fabricated evidence to suggest that Cook caused the death of C.C. There was no probable cause to believe that Cook caused the death of C.C. because C.C. was alive.

43.

Defendants acted with malice and the specific purpose that Plaintiff would be imprisoned for a crime he did not commit in violation of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights.

44.

As a result of Defendants' unlawful conduct, Plaintiff spent several months in prison. This constituted:

     a. An unreasonable seizure in violation of the Fourth Amendment;

     b. A violation of his right to Due Process in violation of the Fifth and Fourteenth Amendments;

PAGE - 7  FIRST AMENDED COMPLAINT

c.  Cruel and unusual punishment in violation of the Eighth Amendment.

45.

The prosecution against Cook terminated in his favor when the circuit court dismissed the case

on September 7, 2022.

46.

Plaintiff is entitled to reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF
### (Abuse of Process – 42 U.S.C. § 1983)
### (Violation of Fourth, Fifth, Eighth, and Fourteenth Amendments)
### (Against All Defendants)

47.

Plaintiff realleges and incorporates by reference the above paragraphs.

48.

As alleged above, Defendants acted with an ulterior purpose when they concealed exculpatory

evidence or fabricated evidence against Cook: they sought to have him punished for a crime he

did not commit, the death of C.C.

49.

Defendants were acting under color of state law.

50.

The Defendants' acts of fabricating or concealing evidence were willful and improper.

51.

As a result of Defendants' unlawful conduct, Plaintiff spent several months in prison. This

constituted:

a.  An unreasonable seizure in violation of the Fourth Amendment;

b.  A violation of his right to Due Process in violation of the Fifth and Fourteenth
    Amendments;

c.  Cruel and unusual punishment in violation of the Eighth Amendment.

PAGE - 8   FIRST AMENDED COMPLAINT

52.

Plaintiff is entitled to reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

**THIRD CLAIM FOR RELIEF**
**(Fabrication of Evidence – 42 U.S.C. § 1983)**
**(Violation of Fourth, Fifth, Eighth, and Fourteenth Amendments)**
**(Against Defendants Thurman and Hutchinson)**

53.

Plaintiff realleges and incorporates by reference the above paragraphs.

54.

As alleged above, Defendants Thurman and Hutchison fabricated evidence when they wrote in their reports that C.C. was "dead" or "deceased."

55.

Defendants Thurman and Hutchison were acting under color of state law.

56.

Defendants Thurman's and Hutchison's acts of fabricating evidence were willful and improper.

57.

As a result of Defendants' unlawful conduct, Plaintiff spent several months in prison. This constituted:

   a. An unreasonable seizure in violation of the Fourth Amendment;

   b. A violation of his right to Due Process in violation of the Fifth and Fourteenth Amendments;

   c. Cruel and unusual punishment in violation of the Eighth Amendment.

58.

Plaintiff is entitled to reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

/ / /

/ / /

PAGE - 9   FIRST AMENDED COMPLAINT

## FOURTH CLAIM FOR RELIEF
### (Failure to Disclose Exculpatory Evidence – 42 U.S.C. § 1983)
### (Violation of Fourth, Fifth, Eighth, and Fourteenth Amendments)
### (Against All Defendants)

59.

Plaintiff realleges and incorporates by reference the above paragraphs.

60.

As alleged above, Defendants failed to disclose material exculpatory evidence when they failed

to inform DA Copic or Cook's defense counsel that C.C. was alive.

61.

As alleged above, Defendant Lufkin failed to disclose material exculpatory evidence, while

acting in his investigative capacity, when he failed to provide the hospital records or the

information that C.C. was not deceased to DA Copic or Cook's defense counsel.

62.

Defendants Thurman, Hutchison and Lufkin were acting under color of state law.

63.

As a result of Defendants' unlawful conduct, Plaintiff spent several months in prison. This

constituted:

    a.  An unreasonable seizure in violation of the Fourth Amendment;

    b.  A violation of his right to Due Process in violation of the Fifth and Fourteenth

       Amendments;

    c.  Cruel and unusual punishment in violation of the Eighth Amendment.

64.

Plaintiff is entitled to reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

/ / /

/ / /

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for his costs and disbursements incurred herein and for the following in accordance with the proof at trial:

1.      Economic damages,

2.      Non-Economic damages,

3.      Prejudgment and post judgment interest as appropriate and allowed by law,

4.      On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame; and

5.      Any other relief the court deems proper.

**DATED** this 5th day of September 2024.

s/ *J. Ashlee Albies* _____
**J. Ashlee Albies,** OSB No. 051846
**Maya Rinta,** OSB No. 195058
*Attorneys for Plaintiff*

PAGE - 11   FIRST AMENDED COMPLAINT

**ALBIES & STARK LLC**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE., SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292