MICHAEL K. PORTER, OSB No. 211377
Sr. Deputy City Attorney
mike.porter@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
*Counsel for Defendant Tequila Thurman*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **JEREMIAH COOK**, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>**TEQUILA THURMAN** in her individual capacity, **CARRIE HUTCHISON** in her individual capacity, and **RYAN LUFKIN** in his individual capacity,<br><br>    Defendants. | **Case No. 3:24-cv-01481-AB**<br><br>**DEFENDANT TEQUILA THURMAN'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** |

Defendant Tequila Thurman ("Defendant Thurman") responds to Plaintiff's First

Amended Complaint ("FAC") in correspondingly numbered paragraphs as follows:

### INTRODUCTION

1.

The Preliminary Statement to Plaintiff's FAC contains legal conclusions,

characterizations, and information to which the defendant is not obligated to answer and lacks

sufficient knowledge to admit or deny. Accordingly, Defendant Thurman denies the allegations

in the Preliminary Statement to Plaintiff's FAC. Defendant Thurman further states that Plaintiff

Jeremiah Cook's conviction, was based on evidence establishing probable cause that Plaintiff

engaged in a course of conduct, delivery of a controlled substance, violative of state and federal

Page  1  –    DEFENDANT TEQUILA THURMAN'S ANSWER AND AFFIRMATIVE DEFENSES
           TO FIRST AMENDED COMPLAINT

law; the result of which was the entry of a knowing, intelligent, and voluntary plea of guilt. To the extent an additional response is required, Defendant Thurman specifically denies all statements in the introduction and all characterizations of Defendant Thurman, her motivation, and actions.

## PARTIES

### 2.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the FAC and therefore denies them.

### 3.

Defendant admits the allegations contained in paragraph 3 of the FAC.

### 4.

Defendant admits the allegations contained in paragraph 4 of the FAC.

### 5.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the FAC and therefore denies them.

## FACTUAL ALLEGATIONS

### 6.

Defendant admits that on May 23, 2015, Cole Culver ("Culver"), along with others, consumed controlled substances provided through an intermediary by Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the FAC and therefore denies them.

### 7.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the FAC and therefore denies them.

### 8.

Defendant admits that a witness stated Culver was snoring loudly after consuming the

Page  2  –    DEFENDANT TEQUILA THURMAN'S ANSWER AND AFFIRMATIVE DEFENSES
TO FIRST AMENDED COMPLAINT

heroin. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the FAC and therefore denies them.

9.

Defendant admits that witnesses stated that Culver had blood coming out of his nose, around 6:30 a.m. they could not wake him, and that David Roche directed someone to call 911. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the FAC and therefore denies them.

10.

Defendant admits Officers Brown and Lloyd responded to Culver's apartment. Defendant admits Officer Brown performed lifesaving measures on Culver and as a result Culver was revived. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the FAC and therefore denies them.

11.

Defendant admits Culver was transported to the hospital, alive, and received further treatment.

12.

Defendant admits Officers Hutchison and Thurman were investigators with the Portland Police Bureau's Drugs and Vice Division and investigated the circumstances that led to Culver's overdose.

13.

Defendant admits the allegations contained in paragraph 13 of the FAC.

14.

Defendant admits the allegations contained in paragraph 14 of the FAC.

15.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

Page  3 –    DEFENDANT TEQUILA THURMAN'S ANSWER AND AFFIRMATIVE DEFENSES
                  TO FIRST AMENDED COMPLAINT

allegations contained in paragraph 15 of the FAC and therefore denies them.

16.

Defendant admits she authored a report that included a reference to speaking to C.S. at the hospital and that the report does not state that "C.C. had survived the suspected overdose."

17.

Defendant admits the allegations contained in paragraph 17 of the FAC.

18.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the FAC and therefore denies them.

19.

Defendant admits the allegations contained in paragraph 19 of the FAC.

20.

Defendant admits Plaintiff initially cooperated with the investigation. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the FAC and therefore denies them.

21.

Defendant admits the allegations contained in paragraph 21 of the FAC.

22.

Defendant admits the allegations contained in paragraph 22 of the FAC.

23.

Defendant admits the allegations contained in paragraph 23 of the FAC.

24.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the FAC and therefore denies them.

25.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

Page 4 –    DEFENDANT TEQUILA THURMAN'S ANSWER AND AFFIRMATIVE DEFENSES
            TO FIRST AMENDED COMPLAINT

allegations contained in paragraph 25 of the FAC and therefore denies them.

26.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the FAC and therefore denies them.

27.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the FAC and therefore denies them.

28.

Defendant denies any representations from Defendant were relied upon by the Deputy District Attorney at arraignment. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the FAC and therefore denies them.

29.

Defendant admits that Cook supplied the heroin that lead to Culver's overdose. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the FAC and therefore denies them.

30.

Defendant admits that in federal court significantly longer prison sentences are contemplated by the sentencing guidelines and that "anyone in the chain of distribution of controlled substances where the controlled substances lead to death [or serious bodily injury] faces [a term of imprisonment of not less than 20 years] and a maximum of life." 21 U.S.C. §§ 841(b)(1)(C). Defendant admits that "Serious bodily injury" is defined as a "bodily injury which involves (A) a substantial risk of death; (B) protracted and obvious disfigurement; or (C) protracted loss or impairment of the function of a bodily member, organ, or mental faculty." 21 U.S.C. § 802(25). To the extent further response is required, Defendant denies the remaining

Page 5 –   DEFENDANT TEQUILA THURMAN'S ANSWER AND AFFIRMATIVE DEFENSES
TO FIRST AMENDED COMPLAINT

allegations contained in paragraph 30 of the FAC.

31.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the FAC and therefore denies them.

32.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the FAC and therefore denies them.

33.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the FAC and therefore denies them.

34.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the FAC and therefore denies them.

35.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the FAC and therefore denies them.

36.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the FAC and therefore denies them.

37.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the FAC and therefore denies them.

38.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the FAC and therefore denies them.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

39.

Defendant denies the allegation and asserts that Plaintiff's incarceration was the result of his illicit criminal activity that resulted in Culver suffering serious bodily injury as defined 21 U.S.C. § 802(25), that authority to make sentencing recommendations reside exclusively with the office of the District attorney, and any harm suffered was in no way the result of any malicious or unlawful act or omission by Defendant.

## FIRST CLAIM FOR RELIEF

### (Malicious Prosecution – 42 U.S.C. § 1983)

### (Violation of Fourth, Fifth, Eighth, and Fourteenth Amendments)

### (Against All Defendants)

40.

Defendant denies the allegations contained in paragraph 40 of the FAC.

41.

Defendant admits that at all times Defendant acted under color of all applicable law but denies to the extent Plaintiff alleges Defendant at any time engaged in a violation of Plaintiff's constitutional rights.

42.

Defendant denies the allegations contained in paragraph 42 of the FAC. Specifically, Defendant denies that Plaintiff's guilty plea or sentencing required probable cause to believe that Plaintiff caused a death or serious bodily injury as Cook plead guilty to the charge of delivery of heroin, an element of which is not probable cause to believe death or serious bodily injury resulted from his illicit drug dealing.

43.

Defendant denies the allegations contained in paragraph 43 of the FAC.

44.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

Page 7 –    DEFENDANT TEQUILA THURMAN'S ANSWER AND AFFIRMATIVE DEFENSES
TO FIRST AMENDED COMPLAINT

allegations contained in paragraph 44 of the FAC and therefore denies them.

45.

Defendant denies the allegations contained in paragraph 45 of the FAC.

46.

Defendant denies the allegations contained in paragraph 46 of the FAC.

**SECOND CLAIM FOR RELIEF**

**(Abuse of Process – 42 U.S.C. § 1983)**

**(Violation of Fourth, Fifth, Eighth, and Fourteenth Amendments)**

**(Against All Defendants)**

47.

Defendant denies the allegations contained in paragraph 47 of the FAC.

48.

Defendant denies the allegations contained in paragraph 48 of the FAC.

49.

Defendant admits that at all times Defendant acted under color of all applicable law but denies to the extent Plaintiff alleges Defendant at any time engaged in a violation of Plaintiff's constitutional rights.

50.

Defendant denies the allegations contained in paragraph 50 of the FAC.

51.

Defendant denies the allegations contained in paragraph 51 of the FAC.

52.

Defendant denies the allegations contained in paragraph 52 of the FAC.

///

///

///

Page  8 –    DEFENDANT TEQUILA THURMAN'S ANSWER AND AFFIRMATIVE DEFENSES
TO FIRST AMENDED COMPLAINT

**THIRD CLAIM FOR RELIEF**

**(Fabrication of Evidence – 42 U.S.C. § 1983)**

**(Violation of Fourth, Fifth, Eighth, and Fourteenth Amendments)**

**(Against Defendants Thurman and Hutchinson)**

53.

Defendant denies the allegations contained in paragraph 53 of the FAC.

54.

Defendant denies the allegations contained in paragraph 54 of the FAC. Specifically, Defendant is not aware of any report wherein Defendant wrote Culver was "dead" or "deceased."

55.

Defendant admits that at all times Defendant acted under color of all applicable law but denies to the extent Plaintiff alleges Defendant at any time engaged in a violation of Plaintiff's constitutional rights.

56.

Defendant denies the allegations contained in paragraph 56 of the FAC.

57.

Defendant denies the allegations contained in paragraph 57 of the FAC.

58.

Defendant denies the allegations contained in paragraph 58 of the FAC.

**FOURTH CLAIM FOR RELIEF**

**(Failure to Disclose Exculpatory Evidence – 42 U.S.C. § 1983)**

**(Violation of Fourth, Fifth, Eighth, and Fourteenth Amendments)**

**(Against All Defendants)**

59.

Defendant denies the allegations contained in paragraph 59 of the FAC.

Page 9 –    DEFENDANT TEQUILA THURMAN'S ANSWER AND AFFIRMATIVE DEFENSES
TO FIRST AMENDED COMPLAINT

60.

Defendant denies the allegations contained in paragraph 60 of the FAC. Per Plaintiff, the District Attorney's office received hospital records prior to Plaintiff's arraignment (*See* Paragraph 23) and knew Culver was alive at the time the alleged violation occurred. (*See* Paragraph 24).

61.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the FAC and therefore denies them.

62.

Defendant admits that at all times Defendant acted under color of all applicable law but denies to the extent Plaintiff alleges Defendant at any time engaged in a violation of Plaintiff's constitutional rights.

63.

Defendant denies the allegations contained in paragraph 63 of the FAC.

64.

Defendant denies the allegations contained in paragraph 64 of the FAC.

BY WAY OF FURTHER ANSWER AND AFFIRMATIVE DEFENSES, Defendant Thurman alleges as follows:

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

65.

Plaintiff fails to state sufficient facts to support a claim upon which relief can be granted.

///

///

Page 10 –    DEFENDANT TEQUILA THURMAN'S ANSWER AND AFFIRMATIVE DEFENSES
             TO FIRST AMENDED COMPLAINT

## SECOND AFFIRMATIVE DEFENSE

### (Discretionary Immunity)

66.

Some of the acts or omissions which Plaintiff alleges give rise to the Defendant's alleged liability are discretionary functions and/or duties for which the City is immune from liability under ORS 30.265(6)(c). Therefore, Defendant is immune from liability for Plaintiff's claims to the extent such claims arise from actions taken in the scope of their discretionary authority and public responsibilities, consistent with United *States v. Gaubert*, 499 U.S. 315 (1991), and applicable Ninth Circuit standards.

## THIRD AFFIRMATIVE DEFENSE

### (Qualified Immunity)

67.

Defendant(s) are entitled to qualified immunity from liability for civil damages under federal law because at all times relevant to the allegations in Plaintiff's FAC, Defendant(s) acted within the scope of their discretionary authority and did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known. *Waid v. Cnty. of Lyon*, 87 F.4th 383, 387 (9th Cir. 2023).

## FOURTH AFFIRMATIVE DEFENSE

### (Claim Preclusion/Issue Preclusion)

68.

Defendant asserts that, to the extent that Plaintiff's claims or issues are the same as those raised and adjudicated in prior cases, they are barred by the doctrines of claim and issue preclusion.

///

///

///

Page  11 –   DEFENDANT TEQUILA THURMAN'S ANSWER AND AFFIRMATIVE DEFENSES
TO FIRST AMENDED COMPLAINT

### FIFTH AFFIRMATIVE DEFENSE

#### (Privilege/Authority)

69.

Plaintiff's claims are barred by the doctrines of authority and privilege. Defendant was privileged and authorized by law—including but not limited to common law, statutory law, and regulations—to use force in response to the threat posed by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

70.

Defendant asserts that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations. Under federal law, claims brought under 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions, which in Oregon is two years under ORS 12.110 and ORS 30.275(9). Plaintiff was required to file the action within two years of the date the alleged constitutional violation occurred or when Plaintiff reasonably should have discovered the basis for the claim. Because Plaintiff failed to bring this suit within the two-year limitations period, Defendant asserts that the claims are time-barred and must be dismissed.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Absolute/Prosecutorial Immunity)

71.

To the extent that Plaintiff's claims are based on their conduct in initiating and pursuing the criminal prosecution of Plaintiff, Defendant is entitled to absolute immunity from suit. Liability for actions that are intimately associated with the judicial phase of the criminal process are immune from suit.

///

///

///

Page 12 –   DEFENDANT TEQUILA THURMAN'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

### (Causation)

72.

Plaintiff cannot establish that the Defendant's actions were the proximate cause of the alleged harm. Any injuries or damages sustained by Plaintiff were not directly caused by Defendant's conduct but were instead the result of Plaintiff's own actions, including the illegal sale of controlled substances.

## NINTH AFFIRMATIVE DEFENSE

### (Truth)

73.

To the extent that Plaintiff's claims are based on alleged presentation of false evidence, truth is a complete defense. The statements and evidence presented by Defendant were true and accurately reflected Plaintiff's criminal activities.

## TENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

74.

Plaintiff assumed the risk of harm by engaging in the illegal sale of controlled substances. By participating in criminal activity, Plaintiff knowingly and voluntarily exposed himself to the risk of investigation, arrest, and prosecution, thereby barring recovery for any alleged injuries.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

75.

Discovery and investigation are ongoing. Defendant Thurman reserves the right to amend their Answer, assert additional affirmative defenses, and assert additional claims (whether cross-claims, counterclaims, or third-party claims) that further discovery or investigation reveals to be

Page 13 –   DEFENDANT TEQUILA THURMAN'S ANSWER AND AFFIRMATIVE DEFENSES
TO FIRST AMENDED COMPLAINT

appropriate.

## REQUEST FOR JURY TRIAL

76.

Defendant Thurman respectfully requests a jury trial.


## PRAYER

WHEREFORE, having fully answered Plaintiff's FAC, Defendant Thurman asks for the

following relief:

A.  That judgment be entered in favor of Defendant Thurman and against Plaintiff;

B.  That Defendant Thurman be awarded reasonable costs incurred herein; and

C.  That Defendant Thurman be awarded such other relief as the Court deems just and

equitable.


DATED: November 1, 2024

Respectfully submitted,


/s/ Michael K. Porter
MICHAEL K. PORTER, OSB No. 211377
Senior Deputy City Attorney
mike.porter@portlandoregon.gov
Counsel for Defendant Tequila Thurman


Page  14  –   DEFENDANT TEQUILA THURMAN'S ANSWER AND AFFIRMATIVE DEFENSES
TO FIRST AMENDED COMPLAINT